# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANN MEUSE,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br>    Defendant. | Civil Action No. 09cv11832-NG |

GERTNER, D.J.:

### MEMORANDUM & ORDER RE: DEFENDANT'S MOTION TO DISMISS
June 8, 2010

Plaintiff Joann Meuse ("Meuse") has over 30 years' experience as a nurse.[1] (Compl. ¶ 3, document #4-1.)  In May 2009, she was hired as a licensed practical nurse ("LPN") by the Department of Veterans Affairs's Outplacement Clinic ("Clinic") in Lowell, Massachusetts.  Id. ¶¶ 2, 4.  While working for the Clinic, Meuse informed her boss, Marilyn MacDonnell, that Kathleen Mullen, another LPN at the Clinic, was disregarding doctors' orders and not complying with various protocols.  Id. ¶¶ 5-7.  After reporting Mullen's alleged misconduct, Meuse was fired.  Id. ¶ 13.  Meuse alleges that MacDonnell and Mullen are friends and that she was terminated in retaliation for her report about Mullen.  Id. ¶¶ 8-14.

Meuse filed an action against the Department of Veterans Affairs ("Department") in Massachusetts Superior Court.  Her complaint alleges that her termination violated a

---

[1] Since the Court is ruling on the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it accepts as true all well-pleaded facts in the plaintiff's complaint, drawing all reasonable inferences in the plaintiff's favor.  See Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009).

Massachusetts statute, Mass. Gen. Laws ch. 149, § 187, which protects whistleblowers in the health care industry. The complaint does not assert any claims under federal law.[2]

The Department removed Meuse's action to this Court on October 28, 2009, see 28 U.S.C. §§ 1442(a)(1), 1446, and then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) because Meuse failed to exhaust her administrative remedies and because the only federal court with jurisdiction to hear her claim of retaliation is the Court of Appeals for the Federal Circuit. (Def.'s Mot. to Dismiss, document #8; Def.'s Supplemental Mem. in Support of Def.'s Mot. to Dismiss, document #14.) Because this Court clearly lacks subject-matter jurisdiction over Meuse's claim, it grants the Department's motion.[3]

The Whistleblower Protection Act of 1989 ("WPA") protects most federal agency employees from reprisals for disclosing information regarding gross mismanagement, legal violations, gross waste of funds, abuse of authority, or conduct substantially endangering public health or safety. 5 U.S.C. § 2302(b)(8); see also Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002). Generally, an employee who believes that she has been retaliated against based on her whistleblowing activities is required to first raise her claim with the Office of Special Counsel ("OSC"), which investigates the complaint. See 5 U.S.C. § 1214(a)(3); see also Stella, 284 F.3d at 142. If the OSC finds that the employee has been subjected to reprisals in violation of section

---

[2] Although Meuse's single state-law claim is almost certainly preempted by the Civil Service Reform Act of 1978, see Broughton v. Courtney, 861 F.2d 639 (11th Cir. 1988); Ferris v. Am. Fed'n of Gov't Employees, 98 F. Supp. 2d 64, 65-68 (D. Me. 2000), the Department does not address this issue in its motion to dismiss.

[3] Although it may have been more natural for the Department to raise its jurisdictional challenge through a motion under Federal Rule of Civil Procedure 12(b)(1) rather than Rule 12(b)(6), the parties have nevertheless had ample opportunity to address the issues discussed in this opinion, and the Court has an independent duty to dismiss an action over which it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); see also Francis v. Goodman, 81 F.3d 5, 8 (1st Cir. 1996) ("[F]ederal courts are not at liberty to overlook limitations on their subject matter jurisdiction.").

2302(b)(8), it reports this finding to the Merit Systems Protection Board ("MSPB"), the agency that took the adverse personnel action, and the Office of Personnel Management. 5 U.S.C. § 1214(b)(2)(B); see also Stella, 284 F.3d at 142. If the agency fails to remedy the violation within a reasonable period of time, the OSC may petition the MSPB for corrective action. 5 U.S.C. § 1214(b)(2)(C), (g); see also Stella, 284 F.3d at 142. If the OSC either finds that no retaliation occurred or fails to reach a determination whether retaliation occurred within 120 days of receiving the employee's complaint, the employee may seek corrective action from the MSPB. 5 U.S.C. § 1214(a)(3), 1221; see also Stella, 284 F.3d at 142. An aggrieved employee can appeal a final order or decision of the MSPB to the Court of Appeals for the Federal Circuit; the Federal Circuit's jurisdiction over such appeals is exclusive. 5 U.S.C. §§ 1214(c), 1221(h), 7703; 28 U.S.C. § 1295(a)(9); see also Stella, 284 F.3d at 142. The WPA sets forth the exclusive remedies available to a federal agency employee who claims to have been subject to reprisals for her whistleblowing. "Under no circumstances does the WPA grant [a] [d]istrict [c]ourt jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." Stella, 284 F.3d at 142; see also Hendrix v. Snow, 170 F. App'x 68, 78-79 (11th Cir. 2006); Ghaly v. U.S. Dep't of Agric., 228 F. Supp. 2d 283, 288-89 (S.D.N.Y. 2002).

Even if Meuse brought her action under the WPA instead of a preempted Massachusetts statute, her suit would not be cognizable in this Court. Instead, her only avenue for obtaining federal judicial review is through an appeal of a decision by the MSPB to the Federal Circuit.

Therefore, the Court **GRANTS** the defendant's Motion to Dismiss (**document #8**) and hereby dismisses the plaintiff's action without prejudice to her right to pursue her claim before the OSC, the MSPB, and the Federal Circuit.[4]

**SO ORDERED.**

**Date: June 8, 2010**              */s/ Nancy Gertner*
                                    **NANCY GERTNER, U.S.D.C.**

---

[4] Although Meuse raised her claim of retaliation with the OSC. she admits that she has not sought review by the MSPB of the OSC's decision not to take any action on her claim. (Pl.'s Supplemental Opp'n to Def.'s Mot. to Dismiss 1-2, document #15.) Meuse's failure to exhaust the administrative remedies available to her constitutes an independent grounds for dismissing her complaint. See Ghaly, 228 F. Supp. 2d at 288.